Andy DOYLE *v.* JACKSON COUNTY NATIONAL BANK and Rickey GARDNER

84-182                                            681 S.W.2d 371

Supreme Court of Arkansas
Opinion delivered December 21, 1984
[Rehearing denied January 21, 1985.]

*Pickens, Boyce, McLarty & Watson,* by: *James A. McLarty,* for appellant.

*Wright, Lindsey & Jennings,* for appellees.

JOHN I. PURTLE, Justice. The Jackson County Chancery Court dismissed Andy Doyle's complaint against Jackson County National Bank based upon the bank's financing a crop for Rickey Gardner who sub-rented from Doyle. On appeal Doyle argues the court erred in holding that he did not have a landlord's lien which attached to the proceeds of the loan commitment to Gardner. We agree with the chancellor.

Appellant cash rented a farm and agreed to sub-rent a portion of it to Gardner for the sum of $18,750. The rentals were for crop year 1982. The appellee bank agreed to finance Gardner's farming operation in the amount of $75,000. Appellee bank advanced to appellant, from Gardner's loan funds, the amount of $9,375. Subsequently, Gardner asked the bank to advance the balance of the rent to appellant. The appellee bank insisted on waiting until the crops were harvested before it would consider paying the other half of the rent due from Gardner. The 1982 crop was short. After applying all crop proceeds and insurance indemnity payments, Gardner's loan was still not satisfied and the bank refused to pay the appellant. The bank did not notify the appellant that the balance of Gardner's rent would not be paid.

In order to understand this case we have to look to the history of the relationship between Doyle and Gardner. The appellant rented these same lands for the 1981 crop year. He also sub-rented the same portion to Gardner. The original lease between the land owner [Parsley] and appellant

provided for rental payments to be made on March 1 and December 1. The oral .agreement between Gardner and appellant provides that the final rent payment for the year was to be made on December 1, 1982. Gardner had arranged a loan for his 1981 crop from the Farmers Home Administration. His 1981 loan was not satisfied in full. The FmHA agreed to subordinate its past due account to the 1982 crop loan by appellee. The FmHA required Gardner and Doyle to execute a pro forma lease in order to comply with its rules and regulations. The written pro forma lease did not have a rent due date. The 1981 pro forma lease between Doyle and Gardner was for a peroid of 3 years. This agreement required cash rent to be paid by Gardner in October and November of 1981.

The bank reduced its lending commitment to Gardner by about $7,500. Appellant tried to get the bank to pay the balance of the rent due from Gardner during the fall of 1982. They failed or refused to do so and appellant filed suit against the bank and Gardner on June 13, 1983.

Doyle claimed a landlord's lien in the amount of $9,375, the second installment of the annual rent. The trial court held that the complaint was not timely filed and dismissed it.

Appellant's claim was founded upon theory that he held a valid landlord's lien. In presenting his claim he relies on Ark. Stat. Ann. § 51-201 (Repl. 1971) which reads as follows:

> Every landlord shall have a lien upon the crop grown upon the demised premises in any year for rent that shall accrue for such year, and such lien shall continue for six (6) months after such rent shall become due and payable, and no longer.

In defense the bank claimed that appellant was not a landlord but in the event he was determined to·be a landlord that the claim was not timely filed. Appellee bank further argued that appellant had no right to collect from Gardner until appellant had paid Parsley.

In view of the fact that appellant relies upon the landlord's lien statute we find that his complaint was untimely. Admittedly, the pro forma lease did not contain specific dates for payment of the rent. The undisputed testimony was that the oral agreement between Doyle and Gardner required the last rent payment to be paid by December 1, 1982. The statute relied upon continues the lien for a period of six months after the rent becomes due and payable, and no longer. We certainly cannot say that the trial court's finding that the suit was not commenced within six months from the date the last rent was due was clearly erroneous.

Appellant also argues that as the primary renter he had the right to collect from Gardner and the bank from the proceeds from Gardner's crops. A lessee does have the right to collect from a sub-tenant after the lessee has made payments to the landlord. Arkansas Stat. Ann. § 50-521 (Repl. 1971). This particular issue was decided in *King* v. *Wilkerson,* 149 Ark. 670, 235 S.W. 803 (1921). Although the statute under consideration in *King* was Crawford and Moses digest section 6894, the same statute is now part of Ark. Stat. Ann. § 50-521. Doyle had not paid Parsley the second half of Gardner's rent when he filed suit. In any event appellant obtained a judgment against Gardner and there was no appeal. Therefore, if the appellant stood in the shoes of the landlord he was too late. If he sought to collect as a tenant from a sub-tenant pursuant to Ark. Stat. Ann. § 50-521, he had not met the requirements and had no right to file the suit.

Affirmed.

HAYS, J.; and HOLLINGSWORTH, J. dissent.

STEELE HAYS, Justice, dissenting. It might be possible to agree that appellant's claim for rent under our statute pertaining to landlord's liens was not timely but for the fact that the bank had actual knowledge that half the annual rent remained unpaid. The bank agreed to lend the tenant $75,000 of the cost of the year's farming operation and advanced one-half of the rent according to the terms of the

lease. Had the lease provided for the full amount in advance, doubtless the bank would have paid the entire amount, as without a farm to rent the tenant would not have needed a farm loan.

Moreover, the undisputed proof was: the bank agreed to lend the full $75,000, yet did not disburse more than about $67,500 (the exact amount is not clear); the bank knew the balance of the rent was due and knew the landlord and tenant were both expecting the bank to pay the balance of the rent, yet the bank never disavowed that obligation to either of them until the timeliness of the claim was subject to question. The appellant is entitled to his rent on the proof in this case.

HOLLINGSWORTH, J., joins this dissent.